Filed 2/10/26  Vanessa R. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| VANESSA R., | F090839 |
| Petitioner, | |
| v. | (Super. Ct. No. 24CEJ300129-1) |
| THE SUPERIOR COURT OF FRESNO COUNTY, | **OPINION** |
| Respondent; | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, | |
| Real Party in Interest. | |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Brian M. Arax, Judge.

Vanessa R., in pro per., for Petitioner.

No appearance for Respondent.

Douglas T. Sloan, County Counsel, and Lisa R. Flores, Senior Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]  Before Peña, Acting P. J., Meehan, J. and Snauffer, J.

Vanessa R. (mother), in propria persona, seeks an extraordinary writ (Cal. Rules of Court, rule 8.452)[1] from the juvenile court's orders issued at a contested 12-month review hearing (Welf. & Inst. Code, § 366.21, subd. (f))[2] terminating her reunification services and setting a section 366.26 hearing for March 23, 2026, as to her daughter C.T. (the child). Mother seeks a writ directing the juvenile court to order that reunification services be continued, visitation be provided, and return of the child to her custody. We conclude mother's petition fails to comport with the procedural requirements of rule 8.452 regarding extraordinary writ petitions and dismiss the petition.

### PROCEDURAL AND FACTUAL SUMMARY

In July 2024, the Fresno County Department of Social Services (department) filed an original petition alleging the children were described by section 300, subdivision (b)(1). The petition alleged the child was at substantial risk of suffering serious physical harm as a result of mother's substance abuse and domestic violence relationship with the child's father, Jesse T. (father). At the detention hearing held on July 24, 2024, the child was detained, and supervised visitation between the child and mother was ordered to occur once per week for one hour. Mother refused to be transported for the hearing while in custody at the Fresno County Jail. The child's paternal cousin, paternal aunt, maternal great-aunt, and maternal great-uncle denied having any Indian ancestry. A combined jurisdiction and disposition hearing was set for August 21, 2024.

The department's jurisdiction and disposition report, dated August 15, 2024, recommended the allegations in the original petition be found true, family reunification services be provided to father, and denial of family reunification services to mother pursuant to section 361.5, subdivision (b)(11). The child was placed in the home of

---

[1] All further rule references are to the California Rules of Court.

[2] All further statutory references are to the Welfare and Institutions Code.

paternal aunt, Nancy T., on August 6, 2024. Nancy was willing to provide a permanent plan for the child if the parents were unable to reunify, and she had previously adopted the child's sibling, A.T., in 2022. The child's maternal great-aunt and maternal great-uncle were provided information for the resource family approval process.

The juvenile court found the allegations in the original petition true on August 28, 2024, and a contested disposition hearing was set at mother's request. At the disposition hearing held on October 2, 2024, mother was present and represented by counsel. The department changed its recommendation, and both parents were ordered to participate in family reunification services. The juvenile court ordered the child to be placed in a relative home pending resource family approval. A six-month review hearing was set for March 26, 2025. Mother did not file an appeal from the disposition order.

In its report for the six-month review hearing, the department recommended family reunification services be continued for mother and father. The child remained placed in the home of Nancy. The Indian Child Welfare Act of 1978's (25 U.S.C. § 1901 et seq.) status section of the report indicated mother and father had both previously denied having any Native American ancestry. A social worker spoke with several maternal and paternal family members, and each of them denied having any Native American ancestry. At the six-month review hearing, the juvenile court ordered family reunification services were to continue to be provided to mother and father.

The department's report for the 12-month review hearing recommended that family reunification services be terminated for mother and father. In March 2025, the child was moved to the home of Nancy's daughter-in-law, Ashley F., because Nancy was no longer willing to provide the child with a permanent plan of adoption. The child adjusted well to the placement change, and she built a secure attachment with her new care provider. Ashley F. had been involved in the child's life since the time of her removal, and she was identified as the ex-wife of father's nephew.

3.

The 12-month review hearing was set for contest at the request of mother and father. A contested 12-month review hearing began on October 20, 2025, with testimony from the social worker. Mother and father were both present and represented by counsel. Mother's counsel entered an objection without presenting any evidence. The statement filed by her counsel identified reasonable services and extension of reunification services as the contested issues for the hearing. On December 1, 2025, the juvenile court proceeded to terminate family reunification services for mother and father, and a section 366.26 hearing was set for March 23, 2026.

## DISCUSSION

### *Relevant Legal Principles and Standard of Review*

At the 12-month review hearing, the juvenile court must order the return of the child to the physical custody of his or her parent unless it finds the return would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the child. (§ 366.21, subd. (f)(1).) If the court does not return the child, it may continue the case for up to six months if there is a substantial probability the child will be returned to parental custody within 18 months from the time the child was initially removed. (*Id*., subd. (g)(1).) To find a substantial probability of return, the court must find the parent regularly visited the child, made significant progress in resolving the problems prompting the child's removal, and demonstrated the capacity and ability to complete the objectives of the case plan and provide for the child's safety, protection, and well-being. (*Id*., subd. (g)(1)(A)–(C).) Otherwise, the court must terminate reunification services and set a section 366.26 hearing to implement a permanent plan for the child. (*Id*., subd. (g)(4).) Before the court may terminate services and set a section 366.26 hearing, however, there must be clear and convincing evidence the agency provided reasonable services to the parent. (§§ 361.5, subd. (a), 366.21, subd. (g)(4).)

We review the juvenile court's findings and orders for substantial evidence, resolving all conflicts in favor of the court, and indulging in all legitimate inferences to

4.

uphold the court's ruling. (*In re Brison C.* (2000) 81 Cal.App.4th 1373, 1378−1379.) Under this well-established standard, "we review the record in the light most favorable to the court's determinations and draw all reasonable inferences from the evidence to support the findings and orders. [Citation.] 'We do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court.' " (*Kevin R. v. Superior Court* (2010) 191 Cal.App.4th 676, 688−689.)

***The Extraordinary Writ Petition***

As a general proposition, a juvenile court's rulings are presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) A parent seeking review of the juvenile court's orders from the setting hearing must file an extraordinary writ petition in this court on Judicial Council form JV-825 to initiate writ proceedings. The purpose of such petitions is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's findings and orders issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (l)(4).)

Rule 8.452 sets forth the content requirements for an extraordinary writ petition. It requires the petitioner to set forth legal arguments with citation to the appellate record. (Rule 8.452(b).) In keeping with the dictate of rule 8.452(a)(1), we liberally construe writ petitions in favor of their adequacy, recognizing that a parent representing him or herself is not trained in the law. Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and we are not required to independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Here, mother's petition is inadequate in presenting a claim of error. She indicated that she was never given the opportunity to provide input on the child's change of placement, and she identified her maternal cousin that is willing to take placement of the child. Mother also provides a number that she believes to be a tribal membership number

for her cousin. However, mother did not provide any context from which this court could construe an alleged error by citing to relevant facts in the appellate record or any legal authority.

Nowhere in the petition does mother assert that the juvenile court erred in finding it would be detrimental to return the child to her custody. Nor does she challenge the findings underlying the court's order terminating reunification services. She does not, for example, contend the reunification services offered by the department were not reasonable. Nor does she argue the court should have continued reunification services because there was a substantial probability the child could be returned to her custody after another period of reunification efforts.

A party's "conclusory presentation, without pertinent argument or an attempt to apply the law to the circumstances of this case, is inadequate," and the contention will be found by the appellate court to have been abandoned. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Without citation to authority or to the record, or any discussion supporting her conclusory statements, any challenge to the juvenile court's findings that return of the child would be detrimental, reasonable services were provided by the department, and there was not a substantial probability of return by the 18-month review hearing must be deemed abandoned. (See *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [appellate court has no obligation to "develop the appellants' arguments for them"].) Consequently, she failed to raise a claim of reversible error. Therefore, her petition does not comply with rules 8.450 through 8.452 and is inadequate for appellate review.

Even if we were to construe mother's petition as a challenge to the juvenile court's placement decisions, her claim lacks merit. Mother claims she was never given the opportunity to provide input on the child's change of placement, but she was present and represented by counsel at the 12-month review hearing. There is also no indication that her cousin was either approved for placement or made a request for placement in the

6.

juvenile court. Because a change in placement must be raised in the juvenile court, this court cannot grant mother the relief she seeks.

The relative placement preference set forth in subdivision (a) of section 361.3 reads as follows: "In any case in which a child is removed from the physical custody of his or her parents pursuant to Section 361, preferential consideration shall be given to a request by a relative of the child for placement of the child with the relative." Under section 361.3, subdivision (a)(8)(B), relatives desiring placement "shall be assessed" and "[t]he county social worker shall document these efforts . . . ."

The preference applies at the dispositional hearing and "whenever a new placement of the child must be made," in which case, "the county social worker shall consider whether the relative has established and maintained a relationship with the child." (§ 361.3, subd. (d).) "When section 361.3 applies to a relative placement request, the juvenile court must exercise its independent judgment rather than merely review [the Department's] placement decision for an abuse of discretion." (*Cesar V. v. Superior Court* (2001) 91 Cal.App.4th 1023, 1033.) "If the court does not place the child with a relative who has been considered for placement pursuant to . . . section [361.3], the court shall state for the record the reasons placement with that relative was denied." (§ 361.3, subd. (e).)

In the present case, there is no record of a request by mother or her cousin for consideration as a placement option for the child. Accordingly, mother forfeited any contention that the department failed to assess her maternal cousin by failing to raise the issue in the juvenile court. "[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, superseded by statute on other grounds as stated in *In re S.F.* (2023) 91 Cal.App.5th 696.) The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. (*Ibid.* at p. 590.) Dependency matters are not exempt from this rule. (*In re Dakota S.* (2000) 85

7.

Cal.App.4th 494, 502 [failure to obtain supervising agency's assessment of prospective guardian under § 366.22, subd. (b)].)

We conclude mother's failure to articulate specific claims of judicial error with citation to legal authority and the appellate record render her writ petition facially inadequate for appellate review. Further, as a reviewing court, we do not independently review the appellate record for possible errors. (*In re Sade C.*, *supra*, 13 Cal.4th at p. 994.) Therefore, we dismiss the petition.

## DISPOSITION

The petition for extraordinary writ is dismissed. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).

8.